# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>    Petitioner,<br><br>    vs.<br><br>CALIFORNIA SUPERIOR COURT, FRENSO COUNTY,<br><br>    Respondent. | Case No.:12-cv-01352-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on August 20, 2012. Petitioner is currently serving a sentence of 15 years imposed by the Fresno County Superior Court.

Petitioner filed an appeal to the California Court of Appeal, Fifth Appellate District. On May 9, 2012, the appellate court affirmed the judgment.[1]

---

[1] The Court takes judicial notice of the state appellate court's decision appearing at 2012 WL 1623421, People v. Dews. Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

On June 26, 2012, Petitioner filed a petition for review in the California Supreme Court. The California Supreme Court returned the petition to Petitioner by letter stating:

> Returned unfiled is your petition for review.  In a letter dated June 27, 2012 you were advised that your petition for review was untimely and you were required to submit an Application for Relief from Default explaining the reasons for your failure to file a timely petition for review.  Our records disclose that you have not submitted an Application for Relief from Default and on July 9, 2012, the court lost jurisdiction to consider or grant relief of any nature in this case.

(Petition at 17.)

In the instant petition, Petitioner argues that the California Supreme Court erred in returning his petition for review as untimely.  (Petition at 5-6.)

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The petition must be dismissed because it does not challenge the legality or duration of his confinement.  Thus, the petition must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED because it does not allege grounds that would entitle Petitioner to habeas corpus relief.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 9, 2012**                    /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE